*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

_____

## UNITED STATES
Appellee

**v.**

## Jeremy J. STRADTMANN, Master Sergeant
United States Air Force, Appellant

**No. 23-0223**
Crim. App. No. 40237

Argued February 7, 2024—Decided May 20, 2024

Military Judges: Jefferson B. Brown (arraignment), Jennifer J. Raab (motions), Bryon T. Gleisner (trial), and Charles G. Warren (entry of judgment)

For Appellant: *Major Jarett Merk* (argued); *Megan P. Marinos*, Esq.

For Appellee: *Captain Jocelyn Q. Wright* (argued); *Colonel Matthew D. Talcott, Lieutenant Colonel James P. Ferrell*, and *Mary Ellen Payne*, Esq. (on brief).

Chief Judge OHLSON delivered the opinion of the Court, in which Judge SPARKS, Judge MAGGS, Judge HARDY, and Judge JOHNSON joined. Judge SPARKS filed a separate concurring opinion.

_____

Chief Judge OHLSON delivered the opinion of the Court.

In this case, we reject Appellant's argument that recklessness is the requisite mens rea to sustain a conviction for a presidentially promulgated offense of "child endangerment" under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2012). Rather, we hold that the President, through the presidentially promulgated elements found in Part IV of the *Manual for Courts-Martial, United States* (*MCM*), had the authority to designate culpable negligence as the requisite mens rea for the offense. We therefore affirm the decision of the United States Air Force Court of Criminal Appeals (CCA).

## I. Background

Over the course of several years, Appellant assaulted his wife, AS, on numerous occasions. As relevant to the instant appeal, in December of 2016, Appellant struck AS and knocked her to the ground while Appellant was holding his thirteen-month-old daughter, MS. In April of 2017, Appellant threatened AS while MS, now seventeen months old, was present. And in June of 2017, Appellant once again threatened to injure AS while MS was present.

In March of 2019, AS reported the abuse to Air Force Security Forces. Appellant subsequently was charged with three specifications of child endangerment in violation of Article 134, as well as a multitude of other offenses. In relevant part, the child endangerment specifications alleged that Appellant "had a duty for the care of M.S., a child under the age of 16 years, and did endanger the mental health of M.S. and that [the specified wrongful conduct of Appellant] constituted culpable negligence."

During the court-martial proceedings, trial defense counsel moved to dismiss the three specifications of child endangerment for failure to state an offense, arguing that the Supreme Court's decision in *Elonis v. United States*, 575 U.S. 723 (2015), as well as the precedent of this Court, mandated a minimum mens rea of recklessness, not culpable negligence as alleged in the specifications. In her

analysis denying the defense's request, the motions judge "decline[d] to apply a different mens rea—recklessness—to an enumerated offense under Article 134, UCMJ, where the presidentially promulgated offense of child endangerment includes a specific mens rea which is supported by . . . case law." Citing this Court's application of *Elonis* in *United States v. Haverty*, 76 M.J. 199 (C.A.A.F. 2017), and *United States v. Tucker*, 78 M.J. 183 (C.A.A.F. 2018), the motions judge held that "the plain language of the statute in effect at the time [of the offense]," coupled with "the implied intent of Congress," established that culpable negligence was the "appropriate" mens rea for child endangerment under the general article, Article 134.

Before a different military judge sitting as a general court-martial, Appellant subsequently pleaded guilty to, and was convicted of, all three specifications of child endangerment under Article 134.[1] During Appellant's *Care*[2] inquiry, Appellant consistently stated that he believed he acted with "culpable negligence" because he had "a duty to care for [his] daughter's well-being" and his actions "could have foreseeably damaged her mental health." The trial military judge sentenced Appellant to a bad-conduct discharge, fifty-four months of confinement, and reduction to E-4. On appeal to the CCA, Appellant raised the issue of whether the child endangerment specifications "fail to state an offense such that the military judge abused his discretion by accepting Appellant's guilty pleas" because

---

[1] Appellant also pleaded guilty to and was convicted of three specifications of simple assault in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2012), one specification of assault consummated by a battery on divers occasions in violation of Article 128, and three specifications of wrongfully communicating threats in violation of Article 134. Contrary to his pleas, the military judge also found Appellant guilty of two specifications of simple assault, three specifications of assault consummated by a battery, and one specification of assault consummated by a battery on a child under the age of sixteen years in violation of Article 128.

[2] *United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247 (1969).

the offense required recklessness, not culpable negligence, as the minimum mens rea. *United States v. Stradtmann*, No. ACM 40237, 2023 CCA LEXIS 238, at *2, 2023 WL 3813499, at *1 (A.F. Ct. Crim. App. May 30, 2023) (unpublished). The CCA stated that, after carefully considering the issue, they found "it require[d] neither discussion nor relief." *Id.* at *3, 2023 WL 3813499, at *1. This Court granted review to consider "[w]hether recklessness is the requisite mens rea to sustain a conviction for the presidentially promulgated offense of child endangerment under Article 134, UCMJ of the 2016 Manual for Courts-Martial." *United States v. Stradtmann*, 83 M.J. 468 (C.A.A.F. 2023) (order granting review).

## II. Standard of Review

"The mens rea applicable to an offense is an issue of statutory construction" which this Court reviews de novo. *United States v. McDonald*, 78 M.J. 376, 378 (C.A.A.F. 2019).

## III. Applicable Law

### A. Child Endangerment Under the UCMJ

At the time of the charged conduct, child endangerment was a presidentially promulgated offense under Article 134.[3] The *MCM* stated that "[c]hild neglect was recognized in *United States v. Vaughan*, 58 M.J. 29 (C.A.A.F. 2003). It is based on military custom and regulation as well as a majority of state statutes and captures the essence of child

---

[3] After Appellant committed the charged conduct, Congress moved child endangerment from an enumerated Article 134 offense to a standalone offense under Article 119b. *See* National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5429, 130 Stat. 2000, 2949 (2016). Although the terminal element was deleted, Article 119b included the other presidentially enumerated elements, an updated definition of "culpable negligence," and the same sample specification for "other cases." *Compare MCM* pt. IV, para. 68a (2016 ed.), *with MCM* pt. IV, para. 59 (2019 ed.).

neglect, endangerment, and abuse."[4] *MCM*, Analysis of Punitive Articles app. 23 at A23-22 (2016 ed.).

Under the 2016 *MCM,* the presidentially enumerated elements for child endangerment under Article 134 were as follows:

> (1) That the accused had a duty for the care of a certain child;

> (2) That the child was under the age of 16 years;

> (3) That the accused endangered the child's mental or physical health, safety, or welfare through design or *culpable negligence*; and

> (4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*MCM* pt. IV, para. 68a.b. (2016 ed.) (emphasis added). Part IV of the 2016 *MCM* defines culpable negligence as:

> [A] degree of carelessness greater than simple negligence. It is a negligent act or omission accompanied by a culpable disregard for the foreseeable consequences to others of the act or omission. In the context of this offense, culpable negligence may include acts that, when viewed in the light of human experience, might foreseeably result in harm to a child, even though such harm would not reasonably be the natural and probable consequence of such acts. In this regard, the age and maturity of the child, the conditions surrounding the neglectful conduct, the proximity of assistance available, the nature of the environment in which the child may have been left, the provision made for the care of the child, and the location of the parent or adult responsible for the child relative to the location of the child, among others, may be considered in determining whether the conduct constituted culpable negligence.

---

[4] In *Vaughan*, this Court recognized "child neglect" as a novel offense under Article 134 with a required mens rea of culpable negligence. 58 M.J. at 35.

*Id.* pt. IV, para. 68a.c.(3) (2016 ed.).

**B. Executive Power and Article 134**

The President has broad power under Article 36(a), UCMJ, to issue "[p]retrial, trial, and post-trial procedures" in the *MCM*. 10 U.S.C. § 836(a) (2012). Despite the breadth of this authority, this Court is "not bound by the President's interpretation of the elements of substantive offenses." *United States v. Wilson*, 76 M.J. 4, 6 (C.A.A.F. 2017). Even so, this Court has recognized the President's unique role regarding Article 134 when he provides enumerated elements to limit the scope of the General Article, and we have held that "absent a contrary intention in the Constitution or a statute, this Court should adhere to the Manual's elements of proof." *United States v. Guess*, 48 M.J. 69, 71 (C.A.A.F. 1998).

**IV. Discussion**

Appellant argues that the Supreme Court's decision in *Elonis* governs the mens rea that must be applied to the Article 134 offense of child endangerment. Specifically, he asserts that a mens rea of "recklessness" must be applied in the instant case because in *Elonis*, "the Supreme Court explained that 'recklessness is the lowest *mens rea* which is necessary to separate wrongful conduct from otherwise innocent conduct.'" Brief for Appellant at 9, *United States v. Stradtmann*, No. 23-0223 (C.A.A.F. Sept. 15, 2023) (quoting *United States v. Gifford*, 75 M.J. 140, 147 (C.A.A.F. 2016)). In support of his position, Appellant cites our previous decisions in *Haverty* and *Tucker* for the proposition that this Court must "read into the statute" recklessness as the requisite mens rea for the enumerated child endangerment offense under Article 134. *Id.* at 12.

We disagree, however, with Appellant's analytical approach. Namely, we conclude that his invocation of *Elonis* is premature, at best. The facts underpinning *Elonis*—as well as *Gifford*, *Haverty*, and *Tucker*—are readily distinguishable from the circumstances before us. In those cases, the statutory scheme was devoid of any mention of an applicable mens rea, and consequently, the deciding court

was compelled to impose one. But here, the presidentially promulgated language explicitly states that the mens rea for the offense of child endangerment is culpable negligence. Therefore, the initial question before us is whether the President had the authority to impose this mens rea for the offense at issue. If he did, there is no factual or legal predicate for this Court to engage in an *Elonis* analysis.

As indicated above, "[w]hile we are not bound by the President's interpretation of the elements of substantive offenses, both his interpretation and listing of offenses under Article 134, UCMJ, is *persuasive* authority to the courts." *United States v. Forrester*, 76 M.J. 479, 485 (C.A.A.F. 2017) (citations omitted) (internal quotations omitted). Stated differently, "when the President's narrowing construction of a statute does not contradict the express language of a statute, it is entitled to some deference, and we will not normally disturb that construction." *Wilson*, 76 M.J. at 6.

In the instant case, we conclude that the President acted within his authority when he imposed a culpable negligence mens rea for this Article 134 offense. We specifically note three points. First, Article 134 does not expressly provide a mens rea standard, so the President's election of "culpable negligence" in the accompanying elements and definitions does not contradict the plain language of the statute. Second, we have previously noted that even the minimal mens rea standard of simple negligence may be sufficient to properly obtain a conviction for some offenses under Article 134. *See Tucker*, 78 M.J. at 186 n.3 ("To be clear, we are not holding that negligence can never be a mens rea for an Article 134, UCMJ offense. . . . We simply hold that negligence is an insufficient mens rea with respect to this particular . . . offense of providing alcohol to minors." (citing *United States v. Kick*, 7 M.J. 82, 84 (C.M.A. 1979))). Starting from that premise, the President's imposition of a culpable negligence mens rea standard for the offense of child endangerment serves to limit the "otherwise broad scope" of the statute. *Parker v. Levy*, 417 U.S. 733, 752 (1974). And third, this outcome recognizes the

President's unique relationship with Article 134 and his ability as the "ultimate military authority" to define the contours of the article through enumerated elements. *United States v. Gleason*, 78 M.J. 473, 476 (C.A.A.F. 2019). Thus, we conclude that the mens rea standard of "culpable negligence" supplied by the President for the Article 134 offense of child endangerment must be given full force and effect.[5] Appellant's conviction therefore stands.

## V. Conclusion

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

---

[5] In his Reply, Appellant raises whether the President has "redefined culpable negligence to require a lower level of scienter than that defined in *Vaughan*." Reply Brief for Appellant at 2, *United States v. Stradtmann*, No. 23-0223 (C.A.A.F. Oct. 30, 2023). However, this is outside the scope of the granted issue and we decline to address it.

Judge SPARKS, concurring.

I join the Chief Judge in recognizing the President's special relationship with Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934, and I agree that he had the authority to designate culpable negligence as the requisite mens rea for the offense of child endangerment under Article 134, UCMJ. I write separately to express my own observations regarding the issue of mens rea as it arises in Article 92, UCMJ, 10 U.S.C. § 892, and Article 134, UCMJ, offenses.

First, Appellant's invocation of *Elonis v. United States*, 575 U.S. 723, 736 (2015), might very well be premature. However, the real problem is that Appellant has misread *Elonis*. As the Government points out, *Elonis* does not stand for the proposition that recklessness is the default mens rea for Article 134, UCMJ, offenses. Rather, the Supreme Court in *Elonis* simply held that negligence should not be inferred if the statute in question is silent on mens rea. *Id.*

Secondly, as the Chief Judge notes, *United States v. Gifford,* 75 M.J. 140, 147 (C.A.A.F. 2016), *United States v. Haverty*, 76 M.J. 199 (C.A.A.F. 2017), and *United States v. Tucker*, 78 M.J. 183 (C.A.A.F. 2018), are easily distinguished on their facts. However, a further distinction to be made between *Gifford, Haverty*, and *Tucker* and this case seems to have not as much to do with the "statutory scheme" and more to do with which military authority is proscribing the conduct at issue. It seems easier for me to frame the distinction as *Gifford* and *Haverty* on the one hand and *Tucker* and this case on the other. *Gifford* and *Haverty* were Article 92, UCMJ, cases whereas *Tucker* and this case are Article 134, UCMJ, cases. Neither Article 92, UCMJ, nor Article 134, UCMJ, on their face, include a mens rea requirement. Under Article 92, UCMJ, Congress has granted authority to commanders to proscribe specific types of conduct. On the other hand, the listed offenses in the *Manual for Courts-Martial, United States* (*MCM*) under Article 134, UCMJ, are instances of the President's exercise of authority derived from the congressional delegation in Article 36, UCMJ, 10 U.S.C. § 836. This explains to me why in *Gifford* and *Haverty* we were analyzing the

specific commander-regulated conduct set out in the language of the regulation. By contrast, in *Tucker*, as in this case, the analysis begins with the text of Article 134, UCMJ, before the focus turns to the President's specific description of the proscribed conduct including relevant elements and definitions. An important observation, in my view, is that Articles 92 and 134, UCMJ, are both unique military statutory creatures with absolutely no civilian analogue. Therefore, attempting to apply traditional analyses, including that set forth in *Elonis*, to the language *on the face* of these two statutes is a less than useful exercise.

In *Gifford*, we analogized the commander's articulation of certain proscribed conduct through regulations and orders to Congress's expressions when articulating offenses in federal criminal statutes. Regarding whether Congress in a particular instance has decided to exclude a mens rea from a statutory offense, we observed that there must be a "clear command" to that effect. 75 M.J. at 144. We then concluded, "[i]f Congress is expected to speak with a clear voice in this context, the same should be expected of a commander." *Id.* Thus, we considered the question before the Court to be "whether the commander—acting pursuant to his congressionally delegated authority—intended to create a public welfare offense [absent a mens rea] through his general order." *Id.* We of course found no such expression in the directive in that case. Applying the analysis in *Elonis*, we ultimately determined that because of a lack of any expression of a mens rea requirement in the language of the directive, the government was required to prove the accused had acted with reckless disregard, the lowest mens rea necessary to separate wrongful conduct from otherwise innocent conduct. *Id.* at 147. We arrived at the same conclusion in *Haverty*, a case involving a directive prohibiting hazing. 76 M.J. at 207-08 (holding that recklessness was a sufficient mens rea to separate wrongful conduct from innocent conduct).

In *Tucker*, the question was, as between negligence and recklessness, which was the appropriate mens rea for the offense of providing alcohol to minors charged as a general disorder under Article 134, UCMJ. 78 M.J. at 185. There, after noting that Article 134, UCMJ, does not contain a

specific mens rea element, we framed the question before the Court to be whether there was "any statute, precedent, custom, or ancient usage that would cause us to conclude that negligence is the proper [mens rea] for the Article 134, UCMJ, offense of providing alcohol to minors." *Id.* at 186. Finding none, and relying on *Elonis*, we concluded it was "inappropriate to infer a negligence mens rea in the absence of a statute or ancient usage." *Id.* at 186 (citations omitted) (internal quotation marks omitted). Therefore, we decided recklessness was the lowest mens rea necessary to separate wrongful conduct from otherwise innocent conduct for the Article 134, UCMJ, offense of providing alcohol to minors. *Id.* at 186.

This brings me to my position vis-à-vis the Chief Judge's well-reasoned opinion in this case. I agree that it is more than appropriate to establish that the President had the authority to promulgate the elements of child endangerment here. But, when the President enumerates the elements of offenses he is "not defining offenses but merely indicating various circumstances in which the elements of Article 134, UCMJ, could be met." *United States v. Jones*, 68 M.J. 465, 471 (C.A.A.F. 2010). Therefore, I believe the question presented to the Court here is relatively the same question presented to the Court in *Tucker*, namely, whether there is any statute, precedent, custom, or ancient usage that would cause us to conclude that culpable negligence is the proper mens rea for the offense of child endangerment. Here, the President not only expressly spoke to the issue of mens rea, he did so in reliance on established military custom and precedent. *See United States v. Vaughan*, 58 M.J. 29 (C.A.A.F. 2003) (finding that the offense of child neglect was consistent with military custom and regulation). I therefore agree with Chief Judge Ohlson that the President was within his authority when he articulated culpable negligence as the appropriate mens rea for the offense of child endangerment under Article 134, UCMJ.

Finally, it seems to me that *Elonis* protects the accused when neither the language of a directive in an Article 92, UCMJ, context, nor the language of a specification charged as a novel offense under Article 134, UCMJ, nor the

language of an offense listed by the President in the *MCM* speaks to the issue of mens rea. Additionally, the requirement for examination and reliance upon ancient military usage, custom, and regulation not only serves to protect the President's prerogatives but also serves to limit the broad reach of the literal language of Article 134, UCMJ. *See Parker v. Levy*, 417 U.S. 733, 753-54 (1974) (rejecting argument that Articles 133, 10 U.S.C. § 933, and 134, UCMJ, are unconstitutionally vague).

For these reasons, I concur.